J-S43003-17

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RYAN METZ | |
| Appellant | No. 1070 WDA 2016 |

Appeal from the Judgment of Sentence imposed February 19, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0012158-2015

BEFORE:  STABILE, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY STABILE, J.:                    FILED:  SEPTEMBER 29, 2017

Appellant, Ryan Metz, appeals from the judgment of sentence imposed on February 19, 2016 in the Court of Common Pleas of Allegheny County, following his convictions of firearms not to be carried without a license and criminal attempt—loans on, or lending, giving firearms.[1]  Appellant contends the trial court erred by denying his motion to suppress and argues the evidence was insufficient to sustain his convictions.  Following review, we affirm.

On September 25, 2015, Appellant was arrested and charged with the crimes set forth above.  He filed a motion to suppress, claiming that the

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 6106(a)(1) and 901(a)—6115(a), respectively.

search and seizure of his person and his possession was illegal and that the handgun obtained in that search should be suppressed. Following a hearing on February 11, 2016, the trial court denied the motion. A stipulated non-jury trial followed on February 17, 2016. The trial court found Appellant guilty of both charges. Sentencing was deferred until February 19, 2016 so that Appellant's counsel could investigate the possibility of a county sentence with alternative housing. The court ultimately imposed a sentence of incarceration of one year less one day to two years less two days on the firearms conviction followed by two years' probation on the attempt conviction, anticipating Appellant would be placed in alternative housing.

Appellant filed a post-trial motion and the trial court heard argument on April 26, 2016. The trial court denied the motion on June 24, 2016. This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Based on the testimony provided at the suppression hearing, which was admitted as an exhibit at Appellant's stipulated non-jury trial, the trial court provided the factual background of the case as follows:

> On September 25, 2015, Detective Matt Tracy of the Pittsburgh Police Department, along with Officers Shipp and Messner, were assigned to work the plain clothes "90" car unit in the North Side area of the city. The officers were focusing their attention on certain parts of the North Side where they had received multiple complaints of drug-dealing and firearm activity, as well as shootings. On that particular day, they were in and around Federal Street, a location where Detective Tracy had personally made over fifty (50) arrests relating to narcotics and firearms.

At approximately 2:00 p.m. that afternoon, the officers were patrolling Hazlip Way, an alley near Federal Street, in their unmarked vehicle when they observed an unknown white male in the alley. The officers noticed that the male, later identified as [Appellant], was approximately 10 yards down the alley and was talking on his cell phone. Based on their training and experience, the officers believed that a narcotics transaction "was about to occur" involving [Appellant], given his particular location and behavior. They, therefore, decided to encounter [Appellant].

The officers drove past Hazlip Way, out of [Appellant's] view, and parked their vehicle. Detective Tracy and Officer Shipp then exited the vehicle, approached [Appellant] with their badges displayed around their necks, and identified themselves as police officers. Officer Shipp spoke with [Appellant] while Detective Tracy focused his attention on [Appellant's] behavior and mannerisms. [Appellant] was asked what he was doing in the area, and although there are no storefronts in the alley, he stated that he was waiting for a friend who was "in the store." The nearest store is a small market on Federal Street, two (2) corners away.

As Officer Shipp and [Appellant] were talking, Detective Tracy observed that [Appellant] appeared nervous. He also noticed that [Appellant] was holding a "brownish, plastic grocery bag" in his right hand. The bag "was somewhat see-through," and Detective Tracy observed that there was a heavy object inside of it. After looking further at the bag, Detective Tracy was able to see "the outline of a firearm." At that point, it was clear to Detective Tracy that the heavy object in the bag was a small firearm so he took possession of the bag and alerted Officer Shipp of the presence of the firearm. Once he took hold of the bag, Detective Tracy noted that the bag was heavy, and he could "feel there was a firearm inside of it."

After being informed of the presence of the firearm, Officer Shipp immediately asked [Appellant] whether he had a license to carry the firearm. After admitting that he did not have a license for the firearm, [Appellant] was detained in handcuffs while the officers "ran the firearm" and confirmed that [Appellant] did not have a valid license. Detective Tracy recovered the firearm from the bag after [Appellant] admitted his non-licensure status.

Officer Messner Mirandized [Appellant] in Detective Tracy's presence, and [Appellant] thereafter admitted that he had obtained the firearm "at one of his construction jobs and he was just trying to make a little extra money to sell the firearm to another male." [Appellant] also stated that he "brought [the firearm] down to Hazlip St[reet] to trade to an unknown male for $150.00 because he needed the money" and "he knew he shouldn't have been carrying the gun.

Trial Court Rule 1925(a) Opinion, 1/6/17, at 3-6 (citations to Suppression Hearing Notes of Testimony omitted).

Appellant asks us to consider three issues on appeal:

I.    Did the trial court err in not suppressing the evidence when the police officers had no reasonable suspicion to detain [Appellant] and testified only to generalized suspicions that he was engaged in criminal activity and [Appellant] was not free to leave or otherwise terminate the encounter?

II.   Was the evidence insufficient to establish beyond a reasonable doubt that [Appellant] was guilty of carrying a firearm without a license since the police testified that the firearm was visible in the bag, thus the weapon was not concealed?

III.  Was the evidence insufficient to establish beyond a reasonable doubt that [Appellant] was guilty of criminal attempt of loans on, lending or giving a firearm under 18 Pa.C.S. § 6115(a), when selling a firearm is not listed as a prohibited act under 18 Pa.C.S. § 6115 and there are exceptions to the act that make loaning, lending or giving a firearm to individuals identified under § 6115(b) lawful and there was no evidence presented by the Commonwealth showing that the alleged transferee would have been prohibited from purchasing the gun?

Appellant's Brief at 5.

- 4 -

In his first issue, Appellant argues trial court error for denying his motion to suppress, arguing the police did not have reasonable suspicion to detain him. In Commonwealth v. Nguyen, 116 A.3d 657 (Pa. Super. 2015), this Court explained the applicable standard of review as follows:

> The standard of review an appellate court applies when considering an order denying a suppression motion is well established. An appellate court may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, the appellate court is bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. However, it is also well settled that the appellate court is not bound by the suppression court's conclusions of law.

Id. at 663-64 (internal citations omitted).

Against the backdrop of the suppression hearing testimony, the trial court considered the nature of the interaction between Appellant and the officers. The trial court concluded that the initial interaction was a mere encounter based on the lack of any intimidating or coercive behavior on the part of the officers as well as the brief duration of the encounter, which lasted approximately 30 seconds. Id. at 10. The mere encounter transformed into a lawful investigative detention when Detective Tracy observed the firearm in the bag Appellant was carrying. Id. at 11. "At that point, Detective Tracy's seizure of the bag was justified for officer safety purposes because he possessed a reasonable, 'particularized, objective basis' to believe that [Appellant] was armed and potentially dangerous." Id.

(quoting Commonwealth v. Grahame, 7 A.3d 810, 817 (Pa. 2010) (additional citations omitted)). Finally, the officers did not recover the weapon from the bag until Appellant admitted his non-licensure status. At that time, the officers had probable cause to arrest Appellant for unlicensed possession. The weapon inevitably would have been seized incident to his lawful arrest. Id. at 12-13.

In analyzing the interaction in its various stages, the trial court examined case law supporting its characterization of the stages of interaction and determined the totality of the circumstances established that the police conduct was lawful and that Appellant's motion to suppress was properly denied. We agree. We hereby incorporate by reference and adopt as our own the trial court's analysis and conclusions as if fully set forth. Id. at 6-13. Appellant's suppression issue fails.

In his second and third issues, Appellant argues that the evidence was insufficient to support his convictions. As our Supreme Court has explained:

> A claim challenging the sufficiency of the evidence is a question of law. Evidence will be deemed sufficient to support the verdict when it establishes each material element of the crime charged and the commission thereof by the accused, beyond a reasonable doubt. Where the evidence offered to support the verdict is in contradiction to the physical facts, in contravention to human experience and the laws of nature, then the evidence is insufficient as a matter of law. When reviewing a sufficiency claim the court is required to view the evidence in the light most favorable to the verdict winner giving the prosecution the benefit of all reasonable inferences to be drawn from the evidence.

Commonwealth v. Widmer, 744 A.2d 745, 751 (Pa. 2000) (citations omitted).

As noted above, after the suppression motion was denied, the case proceeded to a stipulated jury trial. At the trial, the suppression hearing testimony was incorporated into the record as Exhibit 1. The affidavit of probable cause and the certified form reflecting Appellant's lack of a license to carry a concealed weapon were admitted as Exhibits 2 and 3. The prosecution did not offer any additional exhibits or evidence. The defense did not offer any evidence.

The trial court found Appellant guilty of the two crimes charged, the first of which was carrying a firearm without a license. Subject to exceptions not applicable here, 18 Pa.C.S.A. § 6106(a)(1) provides, in relevant part, that "any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree." Appellant contends that the evidence, even when read in the light most favorable to the Commonwealth, "establishes in the very least a reasonable doubt as to whether [Appellant] possessed a 'concealed' gun as required under § 6106." Appellant's Brief at 19.[2]

_____

[2] Appellant does not suggest he was licensed to carry a concealed firearm.

Appellant's assertion is based upon a statement by Detective Tracy at Appellant's suppression hearing that the detective "could see through the bag, and it was clear it was a small firearm." Notes of Testimony (N.T.) Suppression Hearing, 2/11/16, at 6. The detective had already described the bag as a "brownish, plastic grocery bag" that was "somewhat see-through." Id. at 5-6. He explained that he "noticed there was a heavy object in the bag, which [he] looked further into, while Officer Shipp was talking to [Appellant,] and [he] observed the outline of a firearm." Id. at 6.

Appellant argues that the detective testified "that 'it was clear' there was a gun that was plainly visible in the bag held by [Appellant]." Appellant's Brief at 18. As the quoted testimony from Detective Tracy reveals, Appellant's characterization of the detective's statement is not a true reflection of what he said. The detective observed Appellant carrying a brownish grocery bag. After "look[ing] further," he noticed the outline of a firearm in the bag. It then became clear to the detective that the item in the bag was a firearm.

The trial court acknowledged the Merriam-Webster definition of "conceal" as "(1) to prevent disclosure or recognition of, or (2) to place out of sight,"[3] and explained:

_____

[3] Trial Court Rule 1925(a) Opinion, 1/6/17, at 17, quoting http://www.merriam-webster.com/dictionary/conceal.

> After considering the particular circumstances of the present case, and after viewing the evidence in the light most favorable to the Commonwealth as the verdict winner, the evidence was sufficient to conclude that [Appellant] was unlawfully carrying a concealed weapon on or about his person. [Appellant] was not openly holding the weapon, nor was the weapon contained in a clear, transparent container which would have allowed the weapon to be readily seen. Unlike a Ziploc bag, the brownish tint to [Appellant's] colored grocery bag prevented the items contained therein from being immediately recognizable. That conclusion is supported by the fact that Detective Tracy only noticed a heavy object inside of the bag at first. It was only after he focused more of his attention on the object that he was able to make out the outline of a weapon. The fact that an experienced detective was ultimately able to recognize the outline of the object as a firearm does not support a finding that the weapon was being openly carried.

Trial Court Rule 1925(a) Opinion, 1/6/17, at 16-17 (emphasis in original).

Viewing the testimony in the light most favorable to the Commonwealth, we agree with the trial court that the evidence was sufficient to find that Appellant was carrying a concealed firearm and that he was not licensed to do so. Therefore, the evidence was sufficient to support Appellant's conviction of carrying a concealed firearm without a license in violation of 18 Pa.C.S.A. § 6106(a). We hereby incorporate by reference and adopt as our own the trial court's analysis and conclusions as if fully set forth. Id. at 13-19. Appellant's second issue fails.

Appellant also challenges the sufficiency of evidence leading to his criminal attempt conviction for loans on, lending or giving a firearm under 18 Pa.C.S.A. § 6115(a). With regard to criminal attempt, 18 Pa.C.S.A. § 901(a) provides that "[a] person commits an attempt when, with intent to

commit a specific crime, he does any act which constitutes a substantial step toward the commission of that crime." Therefore, the issue here is whether the evidence was sufficient to establish that Appellant took a substantial step toward committing a crime under § 6115(a).

Section 6115(a) provides that "[n]o person shall make any loan secured by mortgage, deposit or pledge of a firearm, nor, except as provided in subsection (b), shall any person lend or give a firearm to another or otherwise deliver a firearm contrary to the provisions of this subchapter."[4]

_____

[4] Pursuant to § 6115(b), with regard to lending, giving or delivering a firearm, provides:

(1) Subsection (a) shall not apply if any of the following apply:

(i) The person who receives the firearm is licensed to carry a firearm under section 6109 (relating to licenses).

(ii) The person who receives the firearm is exempt from licensing.

(iii) The person who receives the firearm is engaged in a hunter safety program certified by the Pennsylvania Game Commission or a firearm training program or competition sanctioned or approved by the National Rifle Association.

(iv) The person who receives the firearm meets all of the following:

(A) Is under 18 years of age.

(B) Pursuant to section 6110.1 (relating to possession of firearm by minor) is under the supervision, guidance and instruction of a responsible individual who:

(I) is 21 years of age or older; and

(Footnote Continued Next Page)

Appellant contends that § 6115(a) does not prohibit the sale of a firearm but rather prohibits only the mortgaging, depositing, pledging, lending or giving of a firearm. In doing so, Appellant ignores the stated prohibition against delivering a firearm. He argues that the evidence was insufficient to support a finding that Appellant violated § 6115(a). Appellant's Brief at 24. He further contends that the Commonwealth did not

(Footnote Continued) ———————————

> (II) is not prohibited from owning or possessing a firearm under section 6105 (relating to persons not to possess, use, manufacture, control, sell or transfer firearms).
>
> (v) The person who receives the firearm is lawfully hunting or trapping and is in compliance with the provisions of Title 34 (relating to game).
>
> (vi) A bank or other chartered lending institution is able to adequately secure firearms in its possession.
>
> (2) Nothing in this section shall be construed to prohibit the transfer of a firearm under 20 Pa.C.S. Ch. 21 (relating to intestate succession) or by bequest if the individual receiving the firearm is not precluded from owning or possessing a firearm under section 6105.
>
> (3) Nothing in this section shall be construed to prohibit the loaning or giving of a firearm to another in one's dwelling or place of business if the firearm is retained within the dwelling or place of business.
>
> (4) Nothing in this section shall prohibit the relinquishment of firearms to a third party in accordance with 23 Pa.C.S. § 6108.3 (relating to relinquishment to third party for safekeeping).

18 Pa.C.S.A. § 6115(b).

present evidence to negate the exceptions to § 6115(a). Appellant's Brief at 26.

Again, we view the evidence in the light most favorable to the Commonwealth to determine whether it establishes each material element of the crime charged, and the commission thereof by Appellant, beyond a reasonable doubt. Widmer, 744 A.2d at 751. The trial court reviewed the evidence presented and determined—correctly, we believe—that Appellant's admission to the officers that he "was just trying to make a little extra money" by selling the firearm to another individual, coupled with his statement reflected in the affidavit of probable cause that he brought the gun to the Hazlip Street area to trade for $150 because he needed the money, supported a finding that he was present in the alley for the purpose of giving or delivering a firearm to an unnamed male. As such, viewing that evidence in the light most favorable to the Commonwealth, the evidence was sufficient to support a finding that Appellant took a substantial step toward violating § 6115(a). Trial Court Opinion, 1/6/17, at 21 (quoting and citing N.T. Suppression Hearing, 2/11/16, at 7, and Commonwealth Exhibit 2, Affidavit of Probable Cause).

The trial court then examined Appellant's assertion that the Commonwealth was required to negate, beyond a reasonable doubt, the exceptions listed in § 6115(b). After reviewing relevant case law, the court concluded the exceptions clause "is not an integral part of the offense, but

rather a distinct clause." Id. at 24 (citing Commonwealth v. Banellis, 682 A.2d 383 (Pa. Super. 1996)).

As now-Chief Justice Saylor explained in Commonwealth v. Bavusa, 832 A.2d 1042 (Pa. 2003) (Saylor, J., concurring):

> In considering an exception's character, courts generally make some primary assessment concerning its substantive relationship to the definition of the crime. For example, exceptions reflecting facts or circumstances materially interrelated with the primary criminal conduct constituting the offense are distinguished from those which merely furnish an excuse for what would otherwise be criminal conduct or layer some more tangential factor or circumstance into the calculus. Exceptions of the former character obviously favor the elements construction; those in latter nature militate toward a construction imposing a duty upon the defendant to bring himself within the exculpatory provision.

Id. at 1059 (citing Commonwealth v. Stoffan, 323 A.2d 323, 325 (Pa. Super. 1074) (emphasis added)). We agree with the trial court that the exceptions in § 6115(b) are not integral elements of the offense. In line with Bavusa, we find they are more accurately characterized as affirmative defenses available to the defendant to decriminalize the act of lending, giving or delivering a firearm.

We find that the evidence, viewed in the light most favorable to the Commonwealth as verdict winner, was sufficient to support Appellant's conviction of criminal attempt delivering a firearm in violation of 18 Pa.C.S.A. §§ 901 and 6115(a). We hereby incorporate by reference and adopt as our own the trial court's analysis and conclusions as if fully set forth. Id. at 19-25. Appellant's third issue fails for lack of merit.

- 13 -

Appellant is not entitled to relief on any of his three issues. Therefore, we affirm his judgment of sentence. In the event of further proceedings, the parties shall attach to their filings a copy of the trial court's January 6, 2017 Rule 1925(a) opinion.

Judgment of sentence affirmed.

Judge Solano joins this memorandum.

Justice Fitzgerald concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/29/2017